```
ANDREW R. HADEN
Acting United States Attorney
BRANDON J. KIMURA
Assistant U.S. Attorney
California Bar No.: 241220
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-9614
Email:  brandon.kimura@usdoj.gov
```

Attorneys for the United States of America

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 21CR3101-JLS |
|---|---|
| Plaintiff, | **UNITED STATES' OPPOSITION TO DEFENDANT'S MOTIONS *IN LIMINE*** |
| v. | **TOGETHER WITH STATEMENT OF FACTS MEMORANDUM OF POINTS AND AUTHORITIES** |
| JOHN THOMAS FENCL, | |
| Defendants. | Date:   October 6, 2023<br>Time:   2:00 p.m. |

COMES NOW the plaintiff, the United States of America, by and through its counsel, Andrew R. Haden, Acting United States Attorney, and Brandon J. Kimura, Assistant United States Attorney, and Response in Opposition to Defendants' Motions *in Limine*. These Motions are based upon the files and records of the case together with the attached statement of facts and memorandum of points and authorities.

## I
## STATEMENT OF THE CASE AND FACTS

The United States incorporates by reference its Motions *in limine* at Dkt. 114.

## II
## MOTIONS IN LIMINE

**1.      Motion to Exclude Rule 404(b)/Inextricably Intertwined Evidence**

The United States incorporates by reference is Motions *in limine* filed at Dkt. 114, pgs. 6-8.

Defendant argues that he was not provided proper notice of 404(b) prior acts. Rule 404(b)(3)(A) requires that a prosecutor "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it." Fed. R. Evid. 404. Here that notice was provided in an email to defense on July 25, 2023. Trial is currently set for October 23, 2023. Therefore, Defendant has had a "fair opportunity" to meet this evidence.

### 2. Exclude Testimony of Dangerousness

Defendant moves to exclude reference to the "dangerousness" of the charged items. The United States believes that this motion is both overbroad and vague and therefore should be denied. Notwithstanding, the United States is willing to communicate with counsel regarding what concerns it may have and will not elicit testimony designed solely to inflame the jury.

### 3. Evidence of Gun Dealing or Manufacturing/Explosives, Ammunition, or "Ghost Guns

The United States incorporates by reference is Motions in limine filed at Dkt. 114, pgs. 6-8.

### 4. Identify Statements

The United States has requested transcripts of the statements it intends to use and will provide them to Defendant as soon as they receive them.

### 5. Allow the Jury to View and Hear Fire of Charged Firearms

The United States objects to Defendant's motion to allow the jury to hear the charged silencers/mufflers. First, this request is irrelevant. As set forth in the Expert Notice for Jeffrey Bodell,

> The GCA, 18 U.S.C. § 921(a)(24), defines the terms "firearm silencer" and "firearm muffler" to mean: "any device for silencing, muffling, or diminishing the report of a portable firearm, including any combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer or firearm muffler, and any part intended only for use in such assembly or fabrication.

Dkt. 113, Bodell Report, Exh. 3, pg. 1. Based on this definition a silencer/muffler need only be designed and intended to diminish the report of a firearm. *Id*. Mr. Bodell will testify that the objects he examined, in his opinion, met this requirement. He will testify that he did fire rounds from these silencers/mufflers to see if they did reduce the report from a firearm, but will also testify that it is not necessary that they did so to meet the definition. *Id*. For this reason, Defendant's request is irrelevant and should be denied.

Next, this motion should be denied because it is practically impossible and dangerous. It would require transporting the jury, counsel, Defendant, and the Court and court staff, including the United States Marshals, to a secure location that would allow for the safe firing of a firearm. Identifying such a location, let alone setting up the logistics to travel there for all of the necessary parties would be overly cumbersome and impractical. It would also, by its nature, be dangerous. For all of these reasons, Defendant's motion should be denied.

### 6. Allow Attorney Voir Dire

The United States will comply with this Court's rules to file its proposed voir dire and otherwise defers to the Court's practice regarding this motion.

### 7. Defendant's Prior Statements

Next, in his motion filed on September 25, 2023, Defendant claims that his statements made on April 23, 2021, were in violation of *Miranda*. *See* Dkt. 121, Def's. Resp. in Opp., pg. 3.

In the videotaped interaction, Defendant makes two sets of statements. *See* Exh. 1, 4-23-19 Interview. In the first, he is speaking with the officer and tells him he had previously been pulled over in that vehicle for the "same thing." *See id.* at 44:03-12. In response, the officer tells Defendant "you gotta stop carrying your gun with you." *Id*. at 44:13-14. Defendant then states, "I will never stop carrying guns, sorry." *Id*. at 44:18.

Later, Defendant is provided his *Miranda* rights and agrees to speak with the officer. *Id*. at 1:19:45-20:06. During the interview, he admits that he built the firearm seized that

day and reiterates that he will always have guns. 1:20:07-46, 1:24:45-51. Finally, near the end of the interview, Defendant refuses the officers request for a DNA cheek swab. *Id*. at 1:27:20-29:08.

A violation of the Fifth Amendment requires custodial *interrogation*. *See Miranda v. Arizona*, 384 U.S. 436, 86 (1966). "Interrogation" refers to either express questioning or a functional equivalent, which includes "words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response." *Rhode Island v. Innis*, 446 U.S. 291, 300 (1980); *United States v. Morgain*, 738 F.3d 1002, 1005 (9th Cir. 2013). "Interrogation," as conceptualized in the *Miranda* opinion, must reflect a measure of compulsion above and beyond that inherent in custody itself. *Rhode Island v. Innis*, 446 U.S. 291, 300 (1980). "The standard for determining whether an officer's comments or actions constitute the 'functional equivalent' of interrogation is quite high...." *United States v. Foster,* 227 F.3d 1096, 1103 (9th Cir.2000). Subjecting a suspect to "subtle compulsion," without more, is not the functional equivalent of interrogation. *United States v. Morgan*, 738 F.3d 1002, 1006 (9th Cir. 2013).

In this case, Defendant's pre-*Miranda* statement was not elicited by interrogation. As the video shows, the officer was making a statement to Defendant, telling him "you gotta stop carrying your gun with you." Exh. 1, 4-23-19 Interview at 44:13-14. Based on the tone and the context of the conversation, the officer's statement was neither either express questioning or a functional equivalent. For this reason, the Fifth Amendment does not apply.

For the second set of statements, Defendant was advised of his *Miranda* rights, acknowledged his understanding and agreed to speak with the officer. *Id*. at 1:19:45-20:06. This waiver was knowing, intelligent, and voluntary. *Cox v. Del Papa,* 542 F.3d 669, 675 (9th Cir. 2008).

In assessing the validity of a waiver, courts analyze the totality of the circumstances surrounding the interrogation. A waiver is knowing and intelligent if it is "made with a

full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." *Collazo v. Estelle*, 940 F.2d 411, 415 (9th Cir.1991) (quotations and citations omitted); *see also United States v. Rodriguez–Preciado*, 399 F.3d 1118, 1128 (9th Cir.2005) (quoting *United States v. Doe*, 155 F.3d 1070.1074 (9th Cir.1998).

A waiver must also be voluntary. *United States v. Doe*, 155 F.3d 1070.1074 (9th Cir.1998) ("A waiver is voluntary if, under the totality of the circumstances, the confession was the product of a free and deliberate choice rather than coercion or improper inducement."). The test for voluntariness is based on the totality of the circumstances, considering both the characteristics of the defendant and the details of the interrogation. *Bustamonte*, 412 U.S. at 227; *United States v. Preston*, 751 F.3d 1008, 1016 (9th Cir. 2014) (en banc). "Voluntariness depends on such factors as the surrounding circumstances and the combined effect of the entire course of the officers' conduct upon the defendant." *Henry v. Kernan*, 197 F.3d 1021, 1026 (9th Cir. 1999). "A confession is involuntary if coerced either by physical intimidation or psychological pressure." *United States v. Haswood*, 350 F.3d 1024, 1027 (9th Cir. 2003). "In determining whether a defendant's confession was voluntary, the question is whether the defendant's will was overborne at the time he confessed." *United States v. Crawford*, 372 F.3d 1048, 1060 (9th Cir. 2004) (en banc). Ultimately, the voluntariness "determination 'depend[s] upon a weighing of the circumstances of pressure against the power of resistance of the person confessing.'" *Preston*, 751 F.3d at 1016 (quoting *Dickerson v. United States*, 530 U.S. 428, 434 (2000)). "Coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary.'" *Colorado v. Connelly*, 479 U.S. 157, 167, 107 S. Ct. 515, 522, 93 L.Ed.2d 473 (1986).

Here, review of the video confirms that Defendant was coherent and competent throughout. Exh. 1, 4-23-19 Interview. He intelligently carried on a conversation with the officer. *Id*. The conversation was calm and friendly. *Id*. The officer never attempted to threaten, coerce, or intimidate Defendant. *Id*. Finally, it is clear that his will is not overborne

because he was able to reject the officers request for a cheek swab near the end of the interview. *Id*. at 1:27:20-29:08.

For all of these reasons, the statements do not violate the Fifth Amendment and Defendant's motion should be denied.

## III
## CONCLUSION

For the above-stated reasons, the United States respectfully requests that Defendant's Motions *in limine* be denied where opposed.

DATED: September 30, 2023         Respectfully submitted,

ANDREW R. HADEN
Acting United States Attorney


/s/*Brandon J. Kimura*
Brandon J. Kimura
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 21CR3101-JLS |
| Plaintiff, | |
| v. | CERTIFICATE OF SERVICE |
| JOHN THOMAS FENCL, | |
| Defendant | |

IT IS HEREBY CERTIFIED THAT:

I, BRANDON J. KIMURA, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of United States' Response in Opposition to Defendant's Motions *in Limine*, together with a memorandum of points and authorities on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Diane Regan, Attorney for JOHN THOMAS FENCL

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants in this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 30, 2023.

                                         s/Brandon J. Kimura
                                         BRANDON J. KIMURA